UNITED STATES of America,
Plaintiff–Appellee,

v.

Vincent PAVCOVICH, Defendant–
Appellant.

No. 03–3656.

United States Court of Appeals,
Sixth Circuit.

March 10, 2004.

Wende C. Cross, Asst. U.S. Attorney, U.S. Attorney's Office, Cincinnati, OH, for Plaintiff–Appellee.

C. Ransom Hudson, Asst. F.P., Defender, Office of the Federal Public Defender, Cincinnati, OH, for Defendant–Appellant.

Before: SILER, MOORE, and SUTTON, Circuit Judges.

## ORDER

Vincent Pavcovich appeals the sentence of imprisonment imposed upon his plea of guilty to theft and embezzlement by a bank employee in violation of 18 U.S.C. § 656. The parties have waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pavcovich worked for U.S. Bank as an assistant vice president in the bank's retail loss prevention department, where his duties included managing the collection of delinquent and charged-off receivables. Pavcovich diverted funds into his personal account that were intended to go to the bank as a part of its collection efforts. He signed contracts with two collection agencies on behalf of U.S. Bank for the sale of certain charged-off accounts and had the purchase price of each sale electronically transferred into his personal account. While he possessed the authority to negotiate such contracts, he did not have the authority to execute them on behalf of the bank.

Pavcovich pleaded guilty pursuant to a negotiated plea agreement. A presentence report was prepared by the United States Probation Office that recommended a two-level increase in the base offense level pursuant to USSG § 3B1.3 for abuse of a position of public or private trust. Pavcovich objected to the increase in his base offense level. The district court overruled the objection, included the two-level increase in Pavcovich's sentencing calculation, and sentenced Pavcovich to thirty months of imprisonment and five years of supervised release. The district court also ordered Pavcovich to pay $168,437.84 in restitution. Pavcovich appeals his sentence.

In his timely appeal, Pavcovich argues that the district court improperly enhanced his base offense level under USSG § 3B1.3 for abuse of a position of trust.

We review de novo questions of law concerning a sentencing court's application of USSG § 3B1.3. *United States v. Gilliam*, 315 F.3d 614, 617 (6th Cir.2003); *United States v. Humphrey*, 279 F.3d 372, 379 & n. 4 (6th Cir.2002).

Section 3B1.3 of the guidelines provides, in pertinent part, that a district court may enhance the sentence of a defendant who "abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense...." A position of trust is characterized by professional or managerial discretion and is subject to significantly less supervision than positions that are primarily non-discretionary in nature. *See* USSG § 3B1.3, comment. n. 1. A position of trust arises when "a person ... intentionally makes himself ... vulnerable to someone in a particular position, ceding to the other's presumed better judgment some control over their affairs." *United States v. Brogan*, 238 F.3d 780, 783 (6th Cir.2001).

According to this court's precedent, and to the application notes in the Sentencing Guidelines themselves, the level of discre-

tion accorded an employee is to be the decisive factor in determining whether his position was one that can be characterized as a trust position. The examples given in the application notes (physician, attorney, and fiduciary) imply that the inherent nature of the work itself should naturally convey a substantial degree of discretion to the defendant concerning how to properly administer the property of another or otherwise act in their best interest. *United States v. Tribble*, 206 F.3d 634, 637 (6th Cir.2000).

Pavcovich would not have been given the position, as well as the responsibilities, of an assistant vice president if he had not been trusted by the directors and officers at U.S. Bank. Pavcovich oversaw the daily operations of his department including the employment and efforts of over forty bank employees. He was responsible for the agency and outsourcing of accounts, and he enjoyed a substantial amount of managerial discretion over his department. Thus, a preponderance of the evidence shows that Pavcovich held a fiduciary or trust-like relationship to the bank.

Pavcovich argues that he did not abuse a position of trust because he did not hold a position of trust. He claims that he merely handled property rather than administered it, that he could only negotiate and not execute contracts, and that his position was not unique since he was one of many assistant vice presidents at the bank. Pavcovich did not merely handle money as he contends, but had the authority to negotiate contracts with collection agencies for the sale of charged-off accounts, which is similar to the power to forgive bad loans. *See United States v. Berridge*, 74 F.3d 113, 117 (6th Cir.1996). Thus, Pavcovich administered the bank's property by negotiating to whom and at what price the charged-off accounts were to be sold, and

thereby held a fiduciary or trust-like relationship to the bank.

The commentary in the guidelines notes that this adjustment is applicable to a bank executive's fraudulent loan scheme, but not to embezzlement or theft by an ordinary bank teller. USSG § 3B1.3, comment. n. 1. Pavcovich was a bank executive in a position of trust, not an ordinary teller, and the government has shown that an enhancement for his abuse of a position of trust was warranted.

Accordingly, we hereby affirm the district court's judgment.